## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

GREAT LAKES INSURANCE SE,      )
                                    )     Case No. 3:20-cv-29
     Plaintiff,             )
v.                         )     ACTION IN ADMIRALTY
                                    )     FOR DECLARATORY
                                    )     RELIEF
ALLISON BORCHERT, MICHAEL BORCHERT, )
HAM AND CHEESE EVENTS D/B/A SEAS   )
THE DAY, AND SOUTH STATES BANK,     )
                                    )
             Defendants.       )
_____ )

## COMPLAINT

Plaintiff Great Lakes Insurance SE ("Great Lakes"), through its attorneys, Dudley Newman Feuerzeig LLP, alleges the following for its complaint:

## INTRODUCTION

1.    This is an action for declaratory relief, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 9 (h) and 57, concerning ocean marine insurance policy number CSRYP/179153 underwritten by Great Lakes and delivered to defendants Allison and Michael Borchert (collectively, the "Assureds"), covering the sailing vessel "Arwen," a 2006 50 foot Beneteau powered by a 75-hp Yanmar diesel engine bearing Hull ID Number BEYF2070J60, and U.S. Coast Guard Doc. No. 1294425 (the "Vessel"), for the period from November 19, 2019 to November 19, 2020 (the "Policy").

2.    Great Lakes seeks a declaration that the Policy was void from its inception and that it has no liability under the Policy to the Assureds and all those claiming from or under them as a result of the Assureds' breach of an express  warranty that the Vessel "will be operated only by covered persons" and breach of the duty of utmost good faith imposed by the doctrine of

*uberrimae fidei* on parties to marine insurance contracts to disclose all facts material to the risks insured.

## JURISDICTION AND VENUE

3.      Jurisdiction lies under 48 U.S.C. § 1612(a).  This is a case of admiralty and maritime jurisdiction as more fully appears below and is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

4.      Venue is proper in this Court because, among other things, the Vessel is based and registered in the United States Virgin Islands, and because this Court can properly exercise personal jurisdiction over Defendants.

## THE PARTIES

5.      Great Lakes is an insurance company based in Munich, Germany and regulated by Bundesanstalt für Finanzdienstleistungsaufsicht, the Federal Financial Supervisory Authority of Germany.

6.      Assureds are, upon information and belief, a married couple who own the Vessel and are citizens of the State of Georgia, United States.

7.      Defendant Ham and Cheese Events d/b/a Seas the Day ("H&C") is, upon information and belief, a limited liability company organized and existing under the laws of the United States Virgin Islands. H&C is named as a defendant in this case because it is noted as an additional assured under the Policy, pursuant to Policy Endorsement 3 "with effect from Monday January 6, 2020."

8.      Defendant South States Bank (the "Bank") is, upon information and belief, a regional bank with branches located in Georgia, North Carolina, South Carolina, and Virginia. The Bank is named as a defendant in this case because it is noted as a loss payee in the Policy

Schedule, a copy of which is attached as **Exhibit 1**.  A copy of the Policy is attached as **Exhibit 2**.

## SILVIANA LOCKE'S DROWNING

9.     On or about February 14, 2020, Great Lakes received an untimely notice that  the Estate of Sylviana Locke was pursuing claims against the Assureds and the Vessel, among others, arising out of Mrs. Locke's near drowning on December 25, 2019 (and subsequent death) while she was a charter passenger on the Vessel.

10.    Great Lakes' investigation to date has revealed that the Vessel had been turned over to or bareboat chartered by the Assureds to H&C without a captain or a captain approved by Great Lakes, pursuant to an undisclosed "Yacht Management Services Agreement" between the Assureds and H&C dated October 11, 2019, and that the captain of the Vessel at the time of the drowning incident (Will Roberts) was not a named operator of the Vessel approved by Great Lakes.

## THE POLICY AND RELATED DOCUMENTS

11.    The Policy was underwritten by Great Lakes through its underwriting agent, Concept Special Risks Ltd. ("Concept").

12.    In order to obtain the Policy, the Assureds submitted to their agent, Theodore Tunick & Co. ("Tunick"), an application for insurance (the "Application"), which Tunick in turn submitted to Concept, as underwriting agent for Great Lakes.  A true copy of the Application is attached as **Exhibit 3**. The application form signed by Michael Borchert on November 12, 2019 provided in pertinent part as follows: "[Question] Is The Vessel Chartered To Others With A Captain? [Answer] Yes[.] [Question] Does This Applicant Employ Paid Crew[?] [Answer] Yes 1, only the captain. [Question] Is This Vessel Chartered To Others Without A Captain

(Bareboat)?  [Answer] No[.][Question] Is This Vessel Used For Any Other Commercial Or Business Purpose? [Answer] No[.]"  The application provided that "**ALL OPERATORS MUST BE DETAILED**" and contained multiple warnings in bold language: "**WARNING: THIS IS A NAMED OPERATOR ONLY POLICY[.]"**  Directly above Mr. Borchert's signature on the application under the heading "**PLEASE READ BEFORE SIGNING APPLICATION"** appeared the following:

1. This application will be incorporated in its entirety into any relevant policy of insurance where insurers have relied upon the information contained therein.

2. Any misrepresentation in this application for insurance may render insurance coverage null and void from inception.  Please therefore check to make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed if necessary by a supplement to the application.

13.     The Policy Schedule identifies the following as the "**Named Operators**": Michael Borchert; Valerie Borchert; Steve Van Wig;[1] Larry Keller.

14.     The wording of the Policy (SYP/8/COM) includes the definition of "covered person," which "means you, and/or any person detailed on your application form which has been submitted by you and approved by us, provided that person has been declared to us in writing as an operator of the Scheduled Vessel." *See* Section 1.c of the Policy.

15.     Section 1.q of the Policy provides: "Operate, operation, operating' means to navigate or to be in physical control of or to be at the helm of the Scheduled Vessel."

16.     Section 2 of the Policy provides: "This is a legally binding insurance contract between you and us, incorporating in full the application form signed by you.  We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the

---

[1] Pursuant to Policy Endorsement 3 dated January 21, 2020, Van Wig was deleted and John Witherss Morris was added as a named operator of the Vessel.

premium due and compliance by covered persons with the provisions, conditions, and warranties of this insuring agreement."

17.     Section 4 of the Policy provides, in relevant part, as follows: "If a sum insured is shown under Section B of the insuring agreement declaration page, we provide coverage for any sum or sums which you or any other covered person become legally liable to pay and shall pay as a result of ownership or operation of Scheduled Vessel."

18.     Section 9(b) of the Policy provides: "This insuring agreement incorporates in full your application for insurance and together with any endorsements issued herein, constitutes the entire contract between us.  At your request, various provisions of this insuring agreement may be varied by and but only by our prior written agreement."

19.     Section 9(e) of the Policy provides: "If you sell or pledge the Scheduled Vessel or otherwise transfer ownership in part or in full, or give up possession of the Scheduled Vessel, whether actual or otherwise, this insuring agreement is immediately cancelled by your action unless you have our prior written agreement to the contrary."

20.     Section 9(i) of the Policy provides, in relevant part: "It is warranted that covered persons must at all times comply with all laws and regulations, governing the use and or operation of the Scheduled Vessel."

21.     Section 9(l) of the Policy provides: "This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance.  No action or inaction by us shall be deemed a waiver of this provision."

22.     Section 9(s) of the Policy provides: "Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be

deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception."

23.     Section 9(w) of the Policy provides: "It is warranted that the Scheduled Vessel will be operated only by covered persons.  However, in the event of an incident occurring when the vessel is being operated by any person other than a covered person that may give rise to a claim under  this insurance, you have a period of seven days following such incident to submit details of the operator for retroactive approved by the underwriters.  Such approval not to be unreasonably withheld."

24.     Finally, § 11 of the Policy contains the following choice of law provision: **"It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principals and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York."** (Emphasis in original).

25.     Based upon the foregoing, Assureds breached the warranty contained in Section 9(w) of the Policy that the Vessel "will be operated only by covered persons," rendering the Policy void from its inception.

26.     Section 9(l) of the Policy incorporates the maritime doctrine of *uberrimae fidei*, which imposes a duty of the utmost good faith and requires that parties to an insurance contract disclose all facts material to the risks insured.

27.     The Assureds misrepresented or failed to disclose their business relationship with H&C, their intention to give possession of the Vessel to H&C to use in its charter business, and

that the Vessel would be bareboat chartered to H&C for operation by captains who were neither identified to nor approved by Great Lakes. These facts were material to Great Lakes' decision to insure the risks covered by the Policy.

28.     If the Assureds had disclosed these facts, Great Lakes would not have agreed to insure the Vessel, would not have agreed to issue the Policy, would not have agreed to issue the Policy with the same terms and conditions, and/or would have charged a higher premium for the Policy.

29.     There is an actual controversy between Great Lakes and Defendants regarding their respective rights and obligations under the Policy.

30.     This Court should declare that as a result of the Assureds' breach of the express warranty that the Vessel "will be operated only by covered persons" and their breach of the duty of utmost good faith to provide complete and accurate information material to the risks Great Lakes was insuring under the Policy, the Policy is void from inception and Great Lakes may properly deny any and all claims asserted against the Policy.

Accordingly, Great Lakes respectfully requests entry of a judgment providing the following relief:

        A.     Declaring that as a result of the Assureds' breaches of an express warranty and the duty of utmost good faith, the Policy was null and void at the date of its inception and that Great Lakes may properly deny all claims against the Policy;

        B.     Declaring that Great Lakes has no liability under the Policy to the Assureds and to all those claiming from and under them including H&C and the Bank; and

C.    Awarding Great Lakes its costs and such other and further relief as is just

and proper under the circumstances.

Dated: March 31, 2020                         Respectfully submitted,

**DUDLEY NEWMAN FEUERZEIG LLP**

By:    /s/Gregory H. Hodges
Gregory H. Hodges (V.I. Bar No. 174)
1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, VI 00804
Telephone:     (340) 715-4405
Email:         ghodges@dnfvi.com

*Attorneys for Great Lakes Insurance SE*

*R:\DOCS\5473\10PLDG\183654002.DOC*